1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JUAN JAVIER GOVEA,

12

Petitioner,

13

vs.

14
15
16

UNITED STATES OF AMERICA,

17

Respondent.

18

CASE NO. 12-cv-2260 – IEG
Related Case: 12-cr-2146 – IEG

**ORDER:**

**(1) DENYING PETITIONER'S MOTION FOR TIME REDUCTION PURSUANT TO 28 U.S.C. § 2255**

[Doc. No. 1 in 12-cv-2260]
[Doc. No. 24 in 12-cr-2164]

**(2) DENYING CERTIFICATE OF APPEALABILITY**

19
20
21
22
23
24
25
26
27
28

Petitioner Juan Javier Govea ("Petitioner"), a federal inmate proceeding *pro se*, submitted a motion for time reduction pursuant to 28 U.S.C. § 2255.  [Case 12-cr-2164 Doc. No. 24.]  He seeks relief on the grounds that, due to his alien status, he is ineligible for (1) a one-year reduction of sentence through a drug program, (2) an early release to a halfway house, and (3) a Unicor job.  [*Id.* at 2-3.]  Petitioner argues that the availability of these programs to United States citizens, but not to aliens, violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Rights Act of 1964.  [*Id.*]  Having considered Petitioner's arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion for Time Reduction.

///

**BACKGROUND**

Petitioner was charged with, and ultimately pled guilty to, violation of 8 U.S.C. § 1326 (removed alien found in the United States).  [*See* Doc. No. 1.]  As part of his Plea Agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, . . . unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable."  [Case 12-cr-2164 Doc. No. 13.]  On September 11, 2012, the Court sentenced Petitioner to 37 months in federal custody, the low end of the 37 to 46 months guideline range, and one year of supervised release.  [*See* Case 12-cr-2164 Doc. No. 22, 23.]

**DISCUSSION**

Section 2255(a) authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted).  If the record clearly indicates that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

**I.      Waiver**

It is clear that Petitioner waived any right to collaterally attack his sentence.  "'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'"  *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted).  In this case, as part of his Plea Agreement, Petitioner expressly waived "any right . . . to collaterally attack the conviction and sentence," unless "the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government

1  pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if

2  applicable." [Case 12-cr-2164 Doc. No. 13]  At sentencing, the Court imposed a sentence of 37

3  months, which was at the low end of the Government's recommended guideline range of 37 to 46

4  months.  [*See* Case 12-cr-2164 Doc. No. 22, 23.]  Because the Court did not impose a sentence

5  above the high end of the guideline range recommended by the Government, waiver applies.  Nor

6  is there any indication that Petitioner's waiver was not knowingly and voluntarily made.

7  Accordingly, Petitioner's valid waiver precludes collateral attack on his sentence.  *See United*

8  *States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also United States v. Navarro-Botello*,

9  912 F.2d 318, 321-22 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*,

10  of the finality that results).

**CONCLUSION**

12  Because Petitioner's collateral attack is precluded by a valid waiver, the Court **DENIES**

13  Petitioner's motion for sentence reduction under 28 U.S.C. § 2255.  The Court also denies a

14  certificate of appealability because Petitioner has not "made a substantial showing of the denial of

15  a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

16  **IT IS SO ORDERED.**

17  **Dated:** March 26, 2013

18  **IRMA E. GONZALEZ**
   **United States District Judge**